# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Choice Enge (R-40791), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19 C 6151 |
| v. ) | |
| ) | Hon. Mary M. Rowland |
| ) | |
| Joseph Dethrow, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff has paid the $400 filing fee. Plaintiff's complaint may proceed against Defendants Dethrow, Brown, Sykes, and Diaz. The Clerk of Court is directed to: (1) file Plaintiff's complaint [9]; (2) issue summonses for service of the complaint on Defendants Dethrow, Brown, Sykes, and Diaz; (3) terminate Defendants Thigpen and Shalabi; and (4) send Plaintiff four blank USM-285 service forms, a magistrate judge consent form, filing instructions, and a copy of this order. The Court advises Plaintiff that a completed USM-285 form for each Defendant is required for service. The U.S. Marshal will not attempt service on a Defendant unless and until the required form for that Defendant is received. The U.S. Marshal is appointed to serve Defendants.

## STATEMENT

Plaintiff Choice Enge, a prisoner at Stateville Correctional Center proceeding *pro se*, has paid the $400 filing fee in accordance with the Court's prior order. The Court thus proceeds with its initial review of the complaint. Under 28 U.S.C. § 1915A, the Court is required to screen prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff here seeks to state a claim of deliberate indifference to his medical needs against Defendants because they refused to provide him with a "prosthetic" shoe for several months. (Dkt. 9, pg. 7.) One of Plaintiff's legs is one inch shorter than the other as a result of a previous bone fracture, and he wears special shoes to compensate for the height difference. (*Id.*, pg. 18.) On May 21, 2017, Plaintiff and his cellmate were removed from their cell and placed in a holding bullpen while Officers Shalabi and Sykes searched the cell. (*Id.*, pg. 7-8.) At the time he was removed from his cell, Plaintiff was wearing shower shoes instead of his orthotic shoes. (*Id.*, pg. 7). The officers discovered homemade alcohol in the cell during their search and informed Plaintiff he would be moved to a segregation unit. (*Id.*, pg. 8.) Plaintiff requested he be allowed to take his orthotic shoes with him, and Sykes told him they would be sent to him in the segregation unit. (*Id.*) May 22, 2017, however, appears to be the last day anyone saw Plaintiff's shoes. Plaintiff attaches an affidavit from inmate Mashawn Laws who assisted Officer Thigpen in inventorying Plaintiff's property on May 22, 2017, following Plaintiff's transfer to the segregation unit. (*Id.*, pg. 23.) Laws states that, although he suggested the shoes should be placed in Plaintiff's "seg bag," he saw Thigpen take the shoes into the "sergeant office." (*Id.*) Plaintiff confirms that when he received his personal property in the segregation unit on May 25, 2017, his shoes were not among his belongings. (*Id.*, pgs. 8-9.)

As a result of not having his orthotic shoes, Plaintiff experienced back pain and states he missed meals because it was too painful for him to walk to the dining hall without the shoes. (*Id.*) Plaintiff informed Officers Brown and Pork of the missing shoes and that he was experiencing back pain without them. (*Id.*, pg. 9.) On July 27, 2017, Plaintiff also informed B-House Sergeant Dethrow of his missing shoes. (*Id.*, pg. 10.) Plaintiff, however, states none of the officers took any actions in response to Plaintiff's complaints and his shoes were never returned to him. (*Id.*)

On June 12, 16, 18, and 20, and July 1 and 2 of 2017, Plaintiff saw Nurse Diaz and informed her on each occasion that he was experiencing daily back pain as a result of not having his orthotic shoes. (Dkt. 9, pg. 11.) Plaintiff alleges Diaz refused his requests for pain medication and did not address his requests to see a doctor. (*Id.*) Diaz eventually gave Plaintiff pain medication on July 3, 2017. (*Id.*) In addition, Plaintiff complained to Stateville mental health employee Russell on June 25, 2017 and July 10, 2017, about his missing shoes and that the back pain was causing him to be depressed. (*Id.*, pg. 12.)

Although Plaintiff does not state whether he received replacement shoes in the body of his complaint, several attachments to the complaint show he was eventually provided with new orthotic shoes. On August 22, 2017, Stateville doctors Ruiz and Obaisi approved Plaintiff for an evaluation at an outside orthopedic clinic. (Dkt. 9, pg. 18.) An attached grievance also notes that during Plaintiff's September 1, 2017 medical appointment, he was scheduled to be fitted for medical shoes on September 5, 2017. (*Id.* at 25) Finally, a grievance response written on October 16, 2017 notes that Plaintiff had received new orthopedic shoes. (*Id.*)

2

Plaintiff now names Officers Dethrow, Brown, Shalabi, Sykes, and Thigpen, and Nurse Diaz as Defendants and alleges they intentionally prolonged his pain by ignoring his complaints about his missing shoes.

Giving Plaintiff's complaint the liberal reading it must, the Court finds that the complaint states a federal claim. "Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.'" *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "Prolonged and unnecessary pain resulting from a significant delay in effective medical treatment may support a claim of deliberate indifference." *Petties v. Carter*, __ F.3d __, 2015 WL 4567899, at *3 (7th Cir. 2015) (collecting cases). Plaintiff alleges he has a medical condition requiring the use of orthotic shoes, that not using the shoes caused him daily pain and to miss meals, and that his repeated requests for assistance from officers and Nurse Diaz went unanswered for approximately three months. These assertions are sufficient, at this juncture, to state a claim of deliberate indifference. *See, e.g., Boatman v. Dart,* No. 08 C 3630, 2009 WL 1137753, at *1-4 (N.D. Ill. Apr. 20, 2009) (finding that Cook County Jail inmate stated deliberate indifference claim when he was deprived of shoes that doctor had determined were necessary to prevent unnecessary pain and potential infection).

Plaintiff, however, names several defendants against whom his claims cannot proceed. Plaintiff has adequately pled that he informed Defendants Dethrow, Brown, Sykes, and Diaz that he needed his orthotic shoes and that having to walk without the shoes caused him pain. (Dkt. 9, pgs. 9-11.) There is no indication, though, that Defendants Thigpen or Shalabi were aware either that Plaintiff had not received his orthotic shoes or that he required the shoes in order to walk. With regard to Defendant Thigpen, her only involvement in the events appears to be inventorying Plaintiff's belongings when he was transferred to the segregation unit and setting aside his shoes. (Dkt. 9, pg. 9.) Plaintiff states no facts that show she was aware Plaintiff needed the shoes for a specific medical purpose or that her actions were intended to deprive him of the shoes. For that reason, her actions cannot be said to be deliberately indifferent. *See Owens v. Duncan*, __ F.App'x __, 2019 WL 4458379, at *1 (7th Cir. Sept. 18, 2019) (explaining that "limited interactions" generally "do not give rise to a plausible claim" of deliberate indifference). Similarly, Defendant Shalabi's only involvement appears to be searching Plaintiff's cell, and ordering and escorting Plaintiff to a holding bullpen. (Dkt. 9, pg. 8) There is no indication that Plaintiff told Shalabi about his need. Thus, Plaintiff does not state a claim of deliberate indifference against Defendants Thigpen and Shalabi and they are dismissed as defendants.

Lastly, the Court notes that Plaintiff refers to Officer Pork as a Defendant in the body of his complaint but does not include him in the case caption. Because Officer Pork is not listed in the caption, the Court will not treat him as a defendant, and any claims against him should be considered dismissed without prejudice. *See* Fed. R. Civ. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir.

3

2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

Plaintiff may proceed on his deliberate indifference claim against Defendants Dethrow, Brown, Sykes, and Diaz. The Court directs the Clerk of Court to issue summonses for service of the complaint on these Defendants. The Court directs the Clerk to mail Plaintiff four USM-285 (Marshals service) forms. The Court advises Plaintiff that a completed USM-285 form for each Defendant is required for service. The Marshal will not attempt to serve a Defendant unless and until the required form for that Defendant is received. Plaintiff must therefore complete and return services forms for Defendants, and failure to do so may result in dismissal of an unserved Defendant or dismissal of this case in its entirety.

The Court appoints the U.S. Marshals Service to serve Defendants. The Court directs the Marshal to make all reasonable efforts to serve Defendants. With respect to any former employee of Stateville Correctional Center who can no longer be found at the work address provided by Plaintiff, officials there must furnish the Marshal with the Defendant's last-known address. The Marshal will use the information only for purposes of effectuating service or to show proof of service, and any documentation of the address shall be retained only by the Marshals Service. Address information will not be maintained in the Court file nor disclosed by the Marshal, except as necessary to serve Defendant. The Court authorizes the Marshal to send a request for waiver of service consistent with Federal Rule of Civil Procedure 4(d) before attempting personal service.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff. Plaintiff is advised that he must promptly submit a change-of-address notification if he is transferred to another facility or released. Failure to do so may lead to dismissal of this action for failure to comply with a Court order and for want of prosecution.

E N T E R:

Dated: December 2, 2019

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge